UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIAMOND STATE INSURANCE COMPANY,

    Plaintiff,

v.                                            CASE NO. 3:13-CV-457-J-34TEM

BOYS' HOME ASSOCIATION, INC., d/b/a
BOYS' HOME ASSOCIATION OF
JACKSONVILLE; FAMILY SUPPORT
SERVICES OF NORTH FLORIDA, INC.;
RENAISSANCE BEHAVIORAL HEALTH
SYSTEMS, INC.; P.L.S. and B.P.S., minor children,
By and through their parent and Next Friend,
PHILIPPE SABINUS Sr.,

    Defendants.

_____/

## MOTION TO DISMISS

Comes now, Boys' Home Association, Inc. ("Boys' Home"), by and through its undersigned counsel, and hereby Moves this Court to Dismiss this action for failing to state a claim from which relief may be granted, in accordance to Fed.R.Civ.P. Rule 12(b)(6).

### MEMORANDUM OF POINTS AND AUTHORITY

#### I.    FACTS AND BACKGROUND

This alleged dispute arises out of the "alleged abuse of P.L.S. and B.P.S. during their residence at [a foster home]." *See* Complaint at ¶ 12. The parties P.L.S. and B.P.S. brought suit in Florida state court against Family Support Services of North Florida, Inc. ("FSSNF"), Mental Health Resource Center, Inc. ("MHRC"), and Renaissance Behavioral Health Systems, Inc. ("RBHS") (the lawsuit will henceforth be referred to as the "State Court Action"). *Id.* at ¶17. In

the State Court Action, P.L.S. and B.P.S. (the "Minors") allege that they were harmed by another boy, and that FSSNF and MHRC were negligent in some duty that would have prevented the abuse of the Minors. This matter has been actively litigated since the inception of the state court suit in July of 2012.

Based on the complaint in the State Court Action, ultimate liability could lie on FSSNF, MHRC, RBHS, some combination of the above, or none of them. However, based on the State Court Action's complaint, a liable party cannot be Boys' Home. Boys' Home is not alleged to be negligent in the Complaint and no party has sought to bring Boys' Home in. Boys' Home is not a party to the State Court Action and Diamond State Insurance Company is not actually defending Boys' Home in that action.

This action arises because this matter's plaintiff, Diamond State Insurance Company ("Diamond"), insured Boys' Home for general commercial liability. Diamond is seeking for this Court to make a declaratory judgment dictating what Diamond's obligations are in terms of indemnification and defense of Boys' Home.

Boys' Home commercial liability policy has an exception regarding sex abuse:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
> 1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured; or
> 2. The negligent:
>    a. Employment;
>    b. Investigation;
>    c. Supervision;
>    d. Reporting to the proper authorities or failure to so report; or
>    e. Retention;
> of a person for whom any insured is or ever was legally responsible and whose conduct is described in Paragraph 1. above.

In theory this provision and the underlying facts could lead to a good controversy. Hypothetically, Boys' Home could be sued and coverage ended up being an important issue needing resolution. However, adjudication of coverage does not solve anything. The core

problem with this Court adjudicating Diamond's "controversy" is that it is simply not a real controversy.

If Diamond gets the relief it demands from this Court, the underlying controversy in the State Court Action will continue exactly as it had before. While Diamond might like the idea of it being able to move on from potential liability in the future, their potential future liability is only a hypothetical issue. Federal law permits this Court to pass on putting the time and effort into adjudicating matters that are not ripe for review, and it should do so in this case.

## II. INAPPLICABILITY OF DECLARATORY RELIEF

Diamond seeks "Declaratory Relief, pursuant Chapter 86, Florida Statutes, to determine the parties' rights and obligations pursuant to an insurance policy." Diamond does not seek a remedy from a cause of action created by Florida law, but a Florida court remedy from breaches of equity. Boys' Home asserts that it is inappropriate for this Federal Court to invoke relief found in a Florida Rule of Civil Procedure. It is likely that what Diamond seeks is the "Declaratory Judgment Act", 28 U.S.C. § 2201, and Boys' Home will presume that is the statute that Diamond intended to invoke for the remainder of this memorandum. Greater than Diamond's apparent technical defect is its use of declaratory judgment in this instant circumstance.

Insurance companies often seek declaratory judgments to determine various aspects of their policies. Application of declaratory judgment acts to questions in respect of insurance policies, 142 A.L.R. 8. Courts have interpreted the Declaratory Judgments Act to provide courts with the ability to exercise *discretionary* power, and so the courts may so decline to exercise that authority granted by the act under certain circumstances, particularly if adjudication does not terminate the uncertainty or controversy giving rise to the underlying proceeding. Id. The public

policy reasons should be obvious for a court to choose not to exercise its powers where declaratory relief is not necessary or proper under the circumstances or where a declaration will serve no useful purpose. Id.

Diamond seeks at its core the answers to two questions, whether it has a "duty to defend" and whether it has a "duty to indemnify." These are actually treated quite differently under Florida law. This distinction between the duty to defend and the duty to indemnify is important because counsel for Diamond may argue that the "duty to defend" may survive an attack on justiciable, whereas the "duty to indemnify" would not.

An insurer's duty to defend is based solely on the original complaint against the insured. "It is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." Jones v. Florida Ins. Guar. Ass'n, Inc., 908 So. 2d 435, 442-43 (Fla. 2005), citing State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1077 n. 3 (Fla.1998). An insurer must defend even if the allegations in the complaint are factually incorrect or meritless. Sunshine Birds & Supplies, Inc. v. United States Fid. & Guar. Co., 696 So.2d 907, 910 (Fla. 3d DCA 1997). "If the complaint alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit." Grissom v. Commercial Union Ins. Co., 610 So. 2d 1299, 1307 (Fla. 1st DCA 1992), citing Tropical Park, Inc. v. United States Fidelity and Guaranty Co., 357 So.2d 253, 256 (Fla. 3d DCA1978). The duty to defend is independent from and exists even if it is determined that there is no actual coverage. Id. citing Klaesen Bros., Inc. v. Harbor Ins. Co., 410 So.2d 611 (Fla. 4th DCA 1982). An insurer's duty to defend is based entirely "on the facts and legal theories alleged in the pleadings and claims against the insured." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1275 (11th Cir.2008). If this

Court were to decide whether Diamond had a duty to defend, it would analyze the State Court Action's complaint and compare it to the policy, and if the complaint touched on areas outside the bounds of the policy, then this Court would deem that Diamond had a duty to defend Boys' Home.

These core questions that Diamond seeks to have this Court answer should not be answered through adjudication of this instant action.

### a. Declaratory Judgment is Inappropriate with No Actual Controversy

Under the Declaratory Judgment Act, this Court has discretion on whether to elect to wield its authority, but it can only elect to do so when there is an actual controversy that it can resolve. "In all cases arising under the Declaratory Judgment Act, the threshold question is whether a justiciable controversy exists." Atlanta Gas Light Co. v. Aetna Casualty and Surety Co., 68 F.3d 409, 414 (11th Cir.1995).

The "actual controversy" requirement of the Declaratory Judgment Act mirrors the "case or controversy" requirement of Article III, section 2 of the United States Constitution.[1] Provident Life & Accident Insurance Co. v. Transamerica-Occidental Life Insurance Co., 850 F.2d 1489, 1491 (11th Cir.1988). That requirement looks to "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." GTE Directories Publishing Corp. v. Trimen America, Inc., 67 F.3d 1563, 1567 (11th Cir.1995).

---

[1] There appears to be something of a split as to whether courts *cannot* exercise authority in such a situation – being that if the threshold question of a sufficient controversy is essentially jurisdictional – or if that threshold question is simply a very important factor in the exercise of the Court's discretion and wise judgment. See Edwards v. Sharkey, 747 F.2d 684, 686 (11th Cir.1984); Triple R Paving, Inc. v. Liberty Mut. Ins. Co., 510 F. Supp. 2d 1090, 1093-94 (S.D. Fla. 2007). Getting into the minutia of such an argument seems just as hypothetical as the resolution of this litigation; if this Court believes it should decline to hear the case as a discretionary matter, it need not delve into constitutional questions.

### Discretion in Exercise of Declaratory Judgment

Plaintiffs have no absolute right to a federal forum even if there is an actual controversy, and Courts should yield their adjudication "to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). The Eleventh Circuit has outlined nine factors that a district court *may* consider in wielding their discretion on whether to accept or decline jurisdiction under the Declaratory Judgment Act when a related state action is pending, as is the instant case:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir.2005).

As these factors apply to our instant alleged controversy, it should be apparent that no factor weighs in favor of declaratory relief. Many factors are simply inapplicable because of the lack of existence of a controversy. A judgment in this Court would not resolve the State court proceeding or affect it in any way - unless, of course, Boys' Home was brought into that matter, but that has yet to happen.

### Application in Insurance Policy Disputes

Courts have taken the above stated rules and applied them in circumstances of insurance policy clause contests like this one. A series of cases exist in this Appellate Circuit which are

common progeny of the seminal <u>American Fidelity</u>, of the 5th Circuit (before the split). <u>Am. Fid. & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.</u>, 280 F.2d 453 (5th Cir. 1960). In it, there were two companies, "Britt" insured by "Pennsylvania" and "Clay" insured by "American." <u>Id</u>. An auto accident occurred involving a driver from Clay that had been leased to Britt. <u>Id</u>. A suit arose from the damaged third party. <u>Id</u>. American then sued everyone, including its own insured, asking the court to use its declaratory judgment powers to determine how much coverage its client, Clay, actually had. <u>Id</u>.

<u>American Fidelity</u> found that it was inappropriate for the Court to adjudicate such a matter when it was not even clear which party would be liable for what. <u>Id</u>. at 461. It found:

> But it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass. The mandatory obligation of a District Court to accept and determine a suit for declaratory relief is not commensurate with the full scope of a 'case or controversy' within the constitutional sense.

<u>Id</u>.

The logic that established in <u>American Fidelity</u> extends to today. As explained by a sister district:

> It is unnecessary to retread the ground so well trodden by these decisions. What was said in American Fidelity and echoed and amplified in the cited lower court opinions applies in full measure here. It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability to the movants.

<u>Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.</u>, 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005). The logic for this rule's application in the insurance context is to avoid adjudicating questions that might not actually end up being an issue needing resolution.

### III.   APPLICATION AND CONCLUSION

In this matter, Boys' Home is not actually in the underlying State Court Action. Diamond is not defending it. Boys' Home has not actually been accused of negligence. The question of actual liability could fall on many parties, FSSNF, MHRC, RBHS, another party

entirely, or no one at all. As established by <u>American Fidelity</u> and its progeny, there is simply no justiciable issue for this Court to consider.

It is a waste of the litigants' and the Court's time and money to litigate this matter. Diamond is only seeking peace of mind and certainty about a possible future – it wishes the Court to decide a hypothetical. This Court may not decide on potential hypotheticals, but even if it could, it should not as an exercise of its wise discretion.

Diamond's Complaint states a claim from which no relief can be granted. Thus, this Court should dismiss this action without prejudice.

**Respectfully Submitted,**                    KEASLER HUEBER LAW GROUP, LLC

_____
Frank R. Keasler, Jr.
fkeasler@khlawgrp.com
Florida Bar No.: 487333
**Benjamin F. Hueber**
bhueber@khlawgrp.com
Florida Bar No.: 0073061
4215 Southpoint Blvd, Suite 140
Jacksonville, Florida 32216
pleadings@khlawgrp.com
Tel: (904) 339-0255
Fax: (904) 339-0256

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2013, I electronically filed a copy of the foregoing Motion to Dismiss with the Clerk of the Court using CM/ECF. I also certify that a copy of the foregoing document is being served this day on all counsel of record on the following Service List via U.S. Mail.

Bruce A. Aebel
Christopher W. Hollman
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL 33602
T: (813) 221-1500
F: (813) 222-3066
Email: baebel@bankerlopez.com
Email: chollman@bankerlopez.com
*Attorneys for Plaintiff, Diamond State Insurance Company*

J.W. Webb
Lydecker | Diaz
390 N Orange Avenue, Suite 1295
Orlando, Florida 32801
T: (407) 255-2070
F: (407) 641-9517
Email: JWebb@LydeckerDiaz.com
       bf@LydeckerDiaz.com
       kc@LydeckerDiaz.com
*Attorney for Defendants, Renaissance Behavioral Health Systems, inc. and Mental Health Resource Center, Inc.*

M. Mark Bajalia
Joshua R. La Bouef
Brennan, Manna & Diamond, PL
800 West Monroe Street
Jacksonville, FL 32202
T: (904) 366-1500
F: (904) 366-1501
Email: mbajalia@bmdpl.com
Email: jrlabouef@bmdpl.com
*Attorneys for Defendant, Family Support Services of North Florida, Inc.*

/s/ Benjamin F. Hueber
Benjamin F. Hueber