UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIAMOND STATE INSURANCE COMPANY,

    Plaintiff,

v.                                     CASE NO. 3:13-CV-00457-MMH-PDB

BOYS' HOME ASSOCIATION, INC., d/b/a
BOYS' HOME ASSOCIATION OF
JACKSONVILLE; FAMILY SUPPORT
SERVICES OF NORTH FLORIDA, IND.;
A.D. and S.T., individually and on behalf of their
adopted children, J.D. and W.D.,

    Defendants.

_____/

**REPLY AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF DIAMOND STATE INSURANCE COMPANY'S RESPONSE TO DEFENDANT BOYS' HOME ASSOCIATION, INC.'S MOTION TO DISMISS**

Comes now, Boys' Home Association, Inc. ("Boys' Home" or "Defendant"), by and through its undersigned counsel, and hereby Replies to Plaintiff's Response to Defendant's Motion to Dismiss ("Response").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Introduction**

Boys' Home agrees with Plaintiff's argument that assertion that Florida law may be invoked to bring a cause of action for declaratory judgment in this Court. At first blush, such an error may appear to affect the persuasiveness of Boys' Home's argument, but it does not.

Boys' Home recognizes that the distinctions between the Federal Declaratory Judgment Act and its Florida counterpart are not insignificant. The core area of this difference is what

Plaintiff trumpets in its Response, that the Florida Declaratory Judgment Act permits courts to declare obligations under insurance policies when the existence or nonexistence of a fact must be determined to ascertain the insurer's responsibility.  *See* Response at 4-5.

However, these differences and exceptions are a *red herring* and are irrelevant to Boys' Home's arguments.  Boys' Home did not argue that this case should be dismissed because this matter requires adjudication of issues of fact, *see* Response at 5, nor did Boys' Home argue that this adjudication of insurance responsibilities is inherently inappropriate, *see* Response at 4-6.

By emphasizing these ancillary and irrelevant distinctions that exist between the substantive Florida Declaratory Judgment Law, Diamond State distracts from the true arguments brought by Boys' Home.  Boys' Home asserted that there is no case or controversy which rises to the level of being a justiciable dispute.  That argument is as valid when it is applied to the Florida Declaratory Judgment Act as it is applied to the Federal Declaratory Judgment Act.

## II.     Argument

Boys' Home seeks the resolution of the issue as to whether this Court, in determining Florida declaratory judgment in diversity, can or should adjudicate an alleged dispute regarding insurance coverage when under the facts of this circumstance.  In this Reply, Boys' Home addresses what it believes are Diamond State's most relevant and powerful arguments in the following way:

[Continued on the Following Page]

| **Diamond State Asserts** | **Boys' Home Refutes** |
|---|---|
| **(a) and (b)** Boys' Home's arguments do not apply because it is applying the Federal Declaratory Judgment Act. | **(a)** The requirement of case and controversy is not just found in the Declaratory Judgment Act, but instead is also inherent in the U.S. Constitution. |
|  | **(b)** Florida law has the same requirements of a justiciable controversy. |
| **(c) and (d)** Diamond State is in fact entitled to pursue this action, despite the authority provided by Boys' Home. | **(c)** Diamond State does not sufficiently undermine the authority provided in Boys' Home's |
|  | **(d)** Diamond State has not provided sufficient factual allegations to overcome its burden of showing a justiciable controversy. |

### a. Boys' Home's Citation of Federal Declaratory Judgment Decisions Are Relevant as and Persuasive Because Justiciability is a Constitutional Requirement

When this Court acts, the question of whether something is a justiciable case or controversy is not only a question of Florida law, but federal law. A matter must be a case or controversy before this Court may act under the United States Constitution.

Diamond State asserts that Boys' Home's cited cases and arguments "do not control this action, which is brought pursuant to Chapter 86 of Florida Statutes." *See* Response at 7. This is not so. These cases are regarding the Federal Courts' very jurisdiction to hear matters, generally – not merely the interpretation of the Declaratory Judgment Act. In particular, Boys' Home pointed out that the "actual controversy" mirrors the "case or controversy" requirement of Article III, section 2 of the United States Constitution. Provident Life & Accident Insurance Co. v. Transamerica-Occidental Life Insurance Co.*,* 850 F.2d 1489, 1491 (11th Cir.1988); *see* Motion to Dismiss at 5.

To satisfy Article III of the United States Constitution, an actual, ongoing case or controversy must exist. Lewis v. Continental Bank Corp.*,* 494 U.S. 472, 477, (1990). Particularly,

Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," and confines them to resolving " 'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts [citations omitted].'" Id.

Further, Florida law does not have an effect on whether the exercise of authority is constitutional.

> It is well settled that "controversy" is a term of art particular to federal justiciability. Thus, "[w]hether a certain case presents a controversy under Article III of the Constitution is a question of federal law to be resolved independent of state law." As such, the Court declines to consider Georgia law in determining the justiciability of this action [internal citations omitted].

Am. Ins. Co. v. Evercare Co., 699 F. Supp. 2d 1355, 1358-60 (N.D. Ga. 2010) aff'd, 430 Fed. Appx. 795 (11th Cir. 2011), *citing* Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace, 288 U.S. 249 (1933).

Because the constitutional requirement for a case or controversy is the same as in Federal Declaratory Judgment actions, cases that Boys' Home cited in regard to Federal Declaratory Judgment actions have the same applicability when this Court must determine whether it has a case or controversy for this purpose. If there is no case or controversy under this standard, then this matter must be dismissed.

### b. Florida Law Also Has Requirements Regarding Controversies Similar to Federal Justiciability Requirements

Even if this Court were to find that the United States Constitution does not demand that there be a sufficient case or controversy, in accordance with Boys' Home's citations of authority, then Florida's Declaratory Judgment Act nevertheless contains that requirement.

> [E]xcept as otherwise required by the constitution, Florida recognizes a general standing requirement in the sense that every case must involve a real controversy as to the issue or issues presented. Put another way, the parties must not be requesting an advisory opinion, except in those rare instances in which advisory opinions are authorized by the [Florida] Constitution.

Department of Revenue v. Kuhnlein, 646 So.2d 717, 720-21 (Fla.1994)

"To satisfy the requirement of standing, the plaintiff must show that a case or controversy exists between the plaintiff and the defendant, and that such case or controversy continues from the commencement through the existence of the litigation." Marco Island Cable, Inc., v. Comcast Cablevision of the South, Inc., 509 F. Supp. 2d 1158 (M.D. Fla. 2007) *citing* Ferreiro v. Phila. Indemn. Ins. Co., 928 So.2d 374, 377 (Fla. 3d DCA 2006).  Florida law shares the requirement that there be a case or controversy significant enough to warrant adjudication, just as Federal law requires.

### c. Diamond State Does Not Refute Boys' Home's Core Argument

Boys' Home's prime argument is that there is no justiciable controversy from which this Court may or should adjudicate.  Diamond State does not sufficiently address this issue brought by Boys' Home, and the authority invoked to rebut Boys' Home's is inapplicable.

Diamond State spends much of its Response discussing the issue of whether factual disputes in the underlying matter negate the necessity of declaratory judgment.  This was not Boys' Home's argument. Diamond State's argument regarding the justiciability of its claims is contained in its Response at §II, pp 7-8.  In it, Plaintiff picks apart some of Boys' Home's citations, but provides no argument that they are inapplicable – only that they are not as persuasive as Boys' Home suggested that they are.  Plaintiff appears to then focus its argument on the citation of Coregis Ins. Co. v. McCollum, 955 F. Supp. 120 (M.D. Fla. 1997).  Coregis is alleged to being a "similar action" from which this Court determined that there was a justiciable controversy.  *See* Response at 7.

The critical problem with Plaintiff's reliance on these cases is that these cases have no relevance with the arguments brought by Boys' Home. In Coregis and Plaintiff's other cited cases, the insurer was seeking to determine the liability of the parties that it insured. In these cases, the insured were actually defendants in a lawsuit regarding the subject insurance, and the insurance companies were actually defending them in the underlying action. In this instant matter, Boys' Home is not a party defendant to the underlying suit, nor is Plaintiff. Further, Plaintiff is not defending Boys' Home in this underlying action. This core issue is not shared by any of Plaintiff's cited cases.

### d. Diamond State Has Not Provided Sufficient Factual Grounds to Warrant Justiciability

Whether there is a controversy in which this Court may exercise jurisdiction is a highly fact specific question. Diamond State did not assert any facts or allege any matters which would support that there is a controversy. Instead, Diamond State emphasizes that there is a controversy as a matter of law, merely based on its Complaint.

Boys' Home argues that there is no justiciable controversy, not that there is no issue which could be adjudicated whatsoever. By their very nature, every case in which Courts have declined to hear a claim because the matter is not sufficient enough of a controversy is dealing with an actual controversy – why else would a lawsuit have been filed? What Courts are examining is the underlying facts which help shape the degree of controversy.

"Whether such a controversy exists is determined on a case-by-case basis" and "by the totality of the circumstances." Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir.1995). "The controversy must be more than conjectural; the case must 'touch [ ] the legal relations of parties having adverse legal interests.'" Id.

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 US 270, 273 (1941).

Boys' Home found no case law that suggests an easy dispositive answer could be found based off of law alone. It brought to the attention of the Court that neither Diamond State nor Boys' Home are parties in the underlying litigation – a critical distinction that differentiates this matter from every case that either party cited which determined that there was a case or controversy. Hypothetically, there could have been facts that would have been able to push this matter into this gray area between "justiciable controversy" and "non-controversy", but they were not alleged by Diamond State.

Instead of asserting that there are further grounds for a determination of controversy, Plaintiff's assert that "[a] genuine case or controversy arose in this matter when DIAMOND STATE pled that it owes no duty to defend or indemnify any party under the subject insurance policy with respect to the State Court Action." *See* Response at 7. Facts sufficient to justify justiciability do not exist merely because Diamond State said that it does. Because Diamond State chose to divert the arguments of Boys' Home instead of directly addressing whether there is a case or controversy, Diamond State has failed to address any critical facts that would justify this Court in determining there was a controversy – only that it alleged a controversy.

The only facts alleged that support Diamond State's position that it is a controversy is that the underlying action *could* bring in Boys' Home, and that Diamond State needs to be aware of its negotiating position. This Court should recognize that these facts alone are not enough.

Many cases have found that mere determination of negotiating position alone is not grounds for a lawsuit.

### III. Conclusion

Although Diamond State is correct in its allegation that this Court may adjudicate this matter under the Florida Declaratory Judgment Act, this revelation does not affect whether the matter should be dismissed. As described above, Diamond State does not completely address the argument brought by Boys' Home that there is no justiciable controversy in which this Court may adjudicate. Even in consideration of the liberal language found in <u>Higgins v. State Farm Fire and Cas. Co.</u>, 894 So.2d 5 (Fla. 2004), there are still requirements that a justiciable case in controversy exist in United States and Florida law that this matter fails to pass.

WHEREFORE, Boys' Home Association, Inc. requests that this Court dismiss Diamond State Insurance Company's Complaint in accordance with the Motion to Dismiss dated November 13, 2013.

| | |
|---|---|
| **Respectfully Submitted,** | **KEASLER HUEBER LAW GROUP, LLC** |
| | |
| | _____/s/ Benjamin Hueber_____ |
| | **Frank R. Keasler, Jr.** |
| | fkeasler@khlawgrp.com |
| | Florida Bar No.: 487333 |
| | **Benjamin F. Hueber** |
| | bhueber@khlawgrp.com |
| | Florida Bar No.: 0073061 |
| | 4215 Southpoint Blvd, Suite 140 |
| | Jacksonville, Florida 32216 |
| | pleadings@khlawgrp.com |
| | Tel: (904) 339-0255 |
| | Fax: (904) 339-0256 |

## CERTIFICATE OF SERVICE

      I hereby certify that on December 17, 2013, I electronically filed a copy of the foregoing Reply to Plaintiff Diamond State Insurance Company's Response to Defendant Boys' Home Association, Inc.'s Motion to Dismiss with the Clerk of the Court using CM/ECF. I also certify that a copy of the foregoing document is being served this day on all counsel of record on the following Service List via U.S. Mail.

Bruce A. Aebel Christopher W. HollmanBanker Lopez Gassler P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL 33602
T: (813) 221-1500
F: (813) 222-3066
Email: baebel@bankerlopez.com
Email: chollman@bankerlopez.com
*Attorneys for Plaintiff, Diamond State Insurance Company*

J.W. Webb
Lydecker | Diaz
390 N Orange Avenue, Suite 1295
Orlando, Florida 32801
T: (407) 255-2070
F: (407) 641-9517
Email: JWebb@LydeckerDiaz.com
bf@LydeckerDiaz.com
kc@LydeckerDiaz.com
*Attorney for Defendants, Renaissance Behavioral Health Systems, inc. and Mental Health Resource Center, Inc.*

M. Mark Bajalia
Joshua R. La Bouef
Brennan, Manna & Diamond, PL
800 West Monroe Street
Jacksonville, FL 32202
T: (904) 366-1500
F: (904) 366-1501
Email: mbajalia@bmdpl.com
Email: jrlabouef@bmdpl.com
*Attorneys for Defendant, Family Support Services of North Florida, Inc*

                                                    /s/ Benjamin F. Hueber