UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIAMOND STATE INSURANCE
COMPANY,

                    Plaintiff,

vs.                                                    Case No.  3:13-cv-457-J-34PDB

BOYS' HOME ASSOCIATION, INC., et al.,

                    Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant Boys' Home Association, Inc.'s Motion

to Dismiss (Doc. 34; Motion) filed on November 19, 2013.  Plaintiff Diamond State Insurance

Company (Diamond State) filed a response in opposition to the Motion on December 6,

2013.  See Plaintiff Diamond State Insurance Company's Response and Memorandum of

Law in Opposition to Defendant Boys' Home Association, Inc.'s Motion to Dismiss [DE 34]

(Doc. 36; Response).  On January 13, 2014, with leave of Court, see Order (Doc. 43), Boys'

Home Association Inc. (Boys' Home) filed a reply to Diamond State's Response.  See Reply

and Memorandum of Law in Opposition to Plaintiff Diamond State Insurance Company's

Response to Defendant Boys' Home Association, Inc.'s Motion to Dismiss (Doc. 45; Reply).

Accordingly, this matter is ripe for review.

## I.      Background

Diamond State initiated this action on April 26, 2013, see Complaint for Declaratory

Relief and Demand for Jury Trial (Doc. 1), and filed the operative Amended Complaint for

Declaratory Relief and Demand for Jury Trial (Doc. 8; Amended Complaint) on May 9, 2013.

This case relates to a separate state court suit brought by P.LS. and B.P.S., minor children, by and through their parent and next friend Philippe Sabinus Sr (the Minor Children), in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, case number 2012-CA-007765 (the Underlying Action). See Amended Complaint at 7-8, Ex. A. In the Underlying Action, the Minor Children assert a negligence claim against Defendants Family Support Services of North Florida (FSSNF), Mental Health Resource Center, Inc. (MHRC), and Renaissance Behavioral Health Systems, Inc. (RBHS). Id., Ex. A at 1, 6-8. Significantly, the Minor Children do not name Boys' Home in the Underlying Action. Id., Ex. A at 1.

In this action, Diamond State requests a declaration concerning its obligations under a policy of liability insurance issued by Diamond State to Boys' Home, bearing Policy No. AGA0003680 (the Policy). See Amended Complaint, Ex. B. Boys' Home is the only Named Insured identified in the Policy. Id., Ex. B at 3. However, the Policy also contains an "Additional Insured Endorsement" which provides liability coverage to a person or organization, listed as "Blanket," with respect to "liability imposed or sought to be imposed on such additional insured because of an alleged act or omission of the Named Insured." Id., Ex. B at 72. According to Diamond State, FSSNF "provided notice to and sought coverage from" Diamond State after the Minor Children initiated the Underlying Action. Id. at 4. In Count I of the Amended Complaint, Diamond State alleges that the Policy does not provide coverage for any insured with respect to the claims raised in the Underlying Action pursuant to certain exclusions in the Policy. See id. at 8. In addition, Diamond State contends that the claims asserted in the Underlying Action are not covered for any insured because, at the time the Policy application was signed, Boys' Home and/or FSSNF had

knowledge of the relevant incidents and/or could have reasonably foreseen that the incidents might result in a claim or suit. Id. In Count II, Diamond State requests a declaration that the Policy provides no coverage for MHRC and RBHS because "MHRC and RBHS are not insureds under the Policy." Id. at 9. Additionally, with respect to FSSNF, Diamond State alleges that "[t]he Policy applies to FSSNF only with respect to liability imposed or sought to be imposed on FSSNF because of an alleged act or omission of Boys' Home" and therefore, contends that FSSNF is not covered because the "Underlying Action does not impose or seek to impose liability on FSSNF because of an alleged act or omission" of Boys' Home. See id. Boys' Home moves to dismiss the claim against it and maintains that the Court cannot, or in its discretion, should not, exercise jurisdiction over that claim because Diamond State fails to allege an actual, justiciable controversy as to Boys' Home. See generally Motion.

## II.    Choice of Law

In the Amended Complaint, Diamond State seeks declaratory relief pursuant to Florida's Declaratory Judgment Act, Fla. Stat. § 86.011, et seq. See Amended Complaint at 2. Although Boys' Home initially argues that the federal Declaratory Judgment Act, 28 U.S.C. § 2201, applies in this diversity action, Boys' Home states in its Reply that it "agrees with Plaintiff's argument that . . . Florida law may be invoked to bring a cause of action for declaratory judgment in this Court." See Reply at 1. Nonetheless, prior to addressing the merits of the Motion, the Court will first consider this choice-of-law issue. Various federal district courts within the state have come to differing conclusions regarding whether to apply federal or state law to a claim for declaratory judgment under Florida's Declaratory Judgment

Act.  Some courts have applied federal law.  See Whispering Pines of Royal Palm Beach Homeowners Ass'n, Inc. v. Comcast Cable Commc'ns, LLC, No. 13-80142-CIV, 2014 WL 2807641, at *2 (S.D. Fla. June 20, 2014) (finding that a state declaratory judgment claim will be construed as a federal declaratory judgment claim because the federal Declaratory Judgment Act is procedural, not substantive); Incredible Invs., LLC v. Fernandez-Rundle, 984 F. Supp. 2d 1318, 1323-24 (S.D. Fla. 2013) (treating claim brought under Florida Declaratory Judgment Act as though it had been brought pursuant to federal Declaratory Judgment Act) (citing Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp., 589 F. Supp. 2d 1336, 1343 & n.1 (S.D. Fla. 2008)); Hansen v. Am. Sec. Ins. Co., No. 8:12-cv-16-EAK-TBM, 2012 WL 4795645, at *2 (M.D. Fla. Oct. 9, 2012) (same); Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co., No. 6:09-cv-1711-Orl-31DAB, 2009 WL 4899402, at *2 (M.D. Fla. Dec. 11, 2009); see also Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp., 504 F. Supp. 2d 1307, 1309-10 (S.D. Fla. 2007) (declining to dismiss claim for failure to specify under which Declaratory Judgment Act it was being brought, holding that federal law determines justiciability and appropriateness of rendering a declaratory judgment, while state law determines substantive rights and duties to the parties of the contract).  Other courts have applied Florida law.  See Vandenbrink v. Voneschen, No. 8:12-cv-897-T-30TBM, 2013 WL 360328, at *4 (M.D. Fla. Jan. 30, 2013) vacated, 542 F. App'x 728 (11th Cir. 2013); Allstate Ins. Co. v. Vizcay, No. 8:11-cv-804-EAK-EAJ, 2011 WL 5870016, at *3 (M.D. Fla. Nov. 22, 2011); Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc., 657 F. Supp. 2d 1279, 1291-92 (M.D. Fla. 2009) (applying the Florida Declaratory Judgment Act because it is substantive and remedial in nature); Marco Island Cable, Inc. v. Comcast Cablevision of

the S., Inc., 509 F. Supp. 2d 1158, 1163 (M.D. Fla. 2007) (finding case law interpreting federal Declaratory Judgment Act inapplicable to claim brought pursuant to Florida Declaratory Judgment Act); see also Knights Armament Co. v. Optical Sys. Tech., Inc., 568 F. Supp. 2d 1369, 1373-75 (M.D. Fla. 2008) (applying both federal and state law, noting that the conclusion under each was the same, where claim did not specify under which Declaratory Judgment Act it was being brought).

However, upon review of the arguments raised in the Motion, the Court finds that it need not decide which declaratory judgment statute applies.  Boys' Home contends that dismissal of this action is warranted because Diamond State fails to allege a justiciable controversy.  See Motion at 5, 8.  "Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' or 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (quoting Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982)); U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir. 1991) ("Under the United States Constitution, the federal judicial power extends only to 'cases' or 'controversies'." (quoting U.S. Const. art. III, § 2, cl.1)).  "If jurisdiction is absent, then [the courts] are without power to proceed."  RES-GA Cobblestone, LLC v. Blake Constr. & Dev., LLC, 718 F.3d 1308, 1314 (11th Cir. 2013).  Indeed, "'courts have no business deciding legal disputes or expounding on law in the absence of such a case or controversy.'" Id. (quoting Already, LLC v. Nike, Inc., 568 U.S. ___, 133 S. Ct. 721, 726 (2013)).  Such questions of justiciability are

governed by federal law.[1]  See Townhouses of Highland Beach Condo. Ass'n, 504 F. Supp. 2d at 1310 ("State law determines the substantive rights and duties of the parties to an insurance contract, the question of justiciability is a federal issue to be determined only by federal law."); Westchester Fire Ins. Co. v. Punit Corp., No. 3:03cv188/MCR, 2006 WL 3755198, at *2 (N.D. Fla. Dec. 19, 2006) (collecting cases); see also Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co., 657 F.3d 1135, 1141 (11th Cir. 2011) ("In diversity actions, the federal court must apply the substantive law of the state in which it sits, 'except in matters governed by the Federal Constitution or by act of Congress.'" (quoting Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938))); Vandenbrink, 542 F. App'x at 730 (applying Article III principles to an action brought under the Florida Declaratory Judgment Act); but see Ft. Myers Total Rehab Ctr., Inc., 657 F. Supp. 2d at 1291-93 (applying state law to determine whether action brought pursuant to Florida Declaratory Judgment Act presented a justiciable case or controversy); Marco Island Cable, Inc., 509 F. Supp. 2d at 1163-64 (same).[2]

Notably, "the jurisdictional limits under the [federal] declaratory judgment act mirror those found [in the] Constitution . . . ."  See Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co., 850 F.2d 1489, 1491 (11th Cir. 1988).  Specifically,

---

[1] "Justiciability is the term of art employed to give expression to this . . . limitation placed upon federal courts by the case-and-controversy doctrine."  See United States v. Rivera, 613 F.3d 1046, 1049 (11th Cir. 2010) (quoting Flast v. Cohen, 392 U.S. 83, 95 (1968)).

[2] The Court notes that Florida law also requires the existence of an actual controversy before a court may entertain a declaratory judgment action.  See, e.g., Florida v. Fla. Consumer Action Network, 830 So. 2d 148, 151-52 (Fla. 1st Dist. Ct. App. 2002).  Indeed, to be entitled to a declaratory judgment under Florida law, a plaintiff must demonstrate that:
> (1) a good-faith dispute exists between the parties; (2) he presently has a justiciable question concerning the existence or non-existence of a right or status, or some fact on which such right or status may depend; (3) he is in doubt regarding his right or status . . . ; and (4) a bona-fide, actual, present, and practical need for the declaration exists.

See Rhea v. Dist. Bd. of Trs. of Santa Fe Coll., 109 So. 3d 851, 859 (Fla. 1st Dist. Ct. App. 2013).

the federal Declaratory Judgment Act limits a court's jurisdiction to issue a declaratory judgment to cases of "actual controversy." See 28 U.S.C. § 2201(a). This reference to cases of "'actual controversy manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense.'" Provident Life & Accident Ins. Co., 850 F.2d at 1490-91 (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40 (1937)). Indeed, the "standard for determining whether an 'actual controversy' exists within the meaning of the [federal] Declaratory Judgment Act is the same as that under the 'case or controversy' requirement of the Constitution." Hendrix v. Poonai, 662 F.2d 719, 721 (11th Cir. 1981). Therefore, because the standards are the same, the Court finds cases interpreting the federal Declaratory Judgment Act's "actual controversy" requirement to be instructive in determining whether this case presents a constitutional "case or controversy" within the Court's judicial power to decide.

## III.    Standard of Review

Although Boys' Home characterizes its Motion as a request for dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6), see Motion at 1, as discussed above, Boys' Home's argument that Diamond State fails to allege a justiciable controversy is actually a challenge to this Court's subject matter jurisdiction. See Vandenbrink, 542 F. App'x at 730 (vacating dismissal for failure to state a claim and remanding with instructions to dismiss for lack of subject matter jurisdiction where court found injury not imminent enough for purposes of judicial decisionmaking); Hendrix, 662 F.2d at 722 (stating that without a justiciable controversy, "the judicial power conferred upon the

federal courts by article III may not be exercised").  Accordingly, the Court will construe the Motion as a motion to dismiss for lack of jurisdiction under Rule 12(b)(1).

Rule 12(b)(1) provides for the dismissal of a case when the court determines it lacks subject matter jurisdiction over the action.  Because a court is powerless to act in the absence of subject matter jurisdiction, "a court must zealously ensure that jurisdiction exists over a case."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be founded on either a "facial" or "factual" challenge to the court's jurisdiction:

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion.  Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings.  In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.

Morrison v. Amway, Corp., 323 F.3d 920, 924 (11th Cir. 2003) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)) (internal citations omitted).  In the matter before the Court, Boys' Home mounts a facial attack to the existence of subject matter jurisdiction.  Thus, the Court will consider the allegations of the Amended Complaint, and if it determines that it lacks subject matter jurisdiction, the claim against Boys' Home will be dismissed as the Court "will be powerless to continue."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

## IV.    Discussion

"[A] party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy."  Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 (1993).  Parties invoking the Court's jurisdiction must show, at a minimum, "'(1) that they

personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision.'" GTE Directories Publ'g Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995) (quoting U.S. Fire Ins. Co., 931 F.2d at 747). "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).   Significantly, the fact that the controversy rests on a contingency "does not necessarily defeat jurisdiction of a declaratory judgment action."   Id. at 1569 (quoting Associated Indem. v. Fairchild Indus., 961 F.2d 32, 35 (2d Cir. 1992)).   "Rather, 'the practical likelihood that the contingencies will occur and that the controversy is a real one should be decisive in determining whether an actual controversy exists.'" Id. (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2757, at 587 (2d ed. 1983)).

Boys' Home argues that Diamond State has failed to allege a justiciable controversy against Boys' Home because "Boys' Home is not alleged to be negligent in the [Underlying Action] and no party has sought to bring Boys' Home in.  Boys' Home is not a party to the [Underlying] Action and [Diamond State] is not actually defending Boys' Home in that action." See Motion at 2.  According to Boys' Home, whether the Policy provides coverage to Boys' Home for its potential liability in a potential lawsuit is merely a hypothetical question, and not ripe for review.  Id. at 2-3.  In its Response, Diamond State contends that:

> [a]lthough Boys Home [sic] is not a party to the [Underlying Action], Boys
> Home has a cognizable and definite interest in the coverage afforded under

the subject insurance policy.  As the named insured and payer of premiums under the subject policy, Boys Home has an interest in any and all determinations of coverage under that policy.  Moreover, to the extent that Diamond State has contracted with any other Defendant in this action and agreed to indemnify or obtain insurance coverage indemnifying said Defendants, Boys Home has an interest in the determination of coverage for those entities under its subject Diamond State policy. . . . In light of the subject policy limits, any finding of indemnity coverage in favor of any Defendant would necessarily impact the amount of remaining coverage available under the policy.

See Response at 3-4.  In addition, Diamond State argues that a determination of Boys' Home's coverage under the Policy "has a direct impact upon the valuation and potential settlement of the [Underlying Action]." Id. at 4.

In the Amended Complaint, Diamond State's sole claim against Boys' Home seeks a declaration that it is not obligated to provide coverage under the Policy to Boys' Home for the conduct alleged in the Underlying Action.  See Amended Complaint at 8.  However, upon review, the Court finds that no actual controversy exists between Boys' Home and Diamond State on that issue.  Boys' Home is not named in the Underlying Action, and there are no allegations to suggest that the Minor Children have sought, or will seek, to hold Boys' Home liable on the claims raised in that case.  Thus, the need for a declaration specifically as to Boys' Home's coverage under the Policy is based entirely on speculation that some one, at some point, may bring some claim against Boys' Home in relation to the conduct alleged in the Underlying Action.  See Ill. Union Ins. Co. v. Cliff Berry Inc., No. 06-20951-Civ-Huck/Bandstra, 2006 WL 3667230, at *3 (S.D. Fla. Nov. 17, 2006) ("It is not enough that [the insured] may at some point have a claim brought against him that would trigger a dispute over his coverage. [The insurer] must have an actual controversy with [the insured] in order to properly bring a declaration action against him."); see also Travelers Indem. Co. v. Bally

Total Fitness Holding Corp., 448 F. Supp. 2d 976, 984 (N.D. Ill. Sept. 11, 2006) ("In the insurance context, courts in this circuit have repeatedly held that the case or controversy requirement is not satisfied until a suit has been brought against the insured that might lead to a claim against the insurer." (citing Solo Cup Co. v. Fed. Ins. Co., 619 F.2d 1178, 1189 (7th Cir. 1980) ("The mere possibility that proceedings might be commenced against an insured regarding an act of the insured's as to which the insurer might contest coverage, is not sufficient to create a controversy within the meaning of either the Declaratory Judgment Act or Article III of the Constitution."))).   Although this Court does not conclude that an insured must always be named in an underlying suit for an actionable controversy with its insurer to arise, here, not only has Boys' Home not been sued, but Diamond State has not alleged that Boys' Home has made even a demand for coverage with respect to its potential liability.  See Atlanta Int'l Ins. Co. v. Atchison, Topeka & Santa Fe Ry. Co., 938 F.2d 81, 83-84 (7th Cir. 1991) (finding no actual controversy where insured had not made any demand under the policy reasoning that "the requisite 'injury' –a claim for payment by [the insured]– neither occurred nor was it immediately threatened by any of [the insured's] actions"); Century Indem. Co. v. Anheuser-Busch, Inc., No. 4:11-CV-1097 (CEJ), 2012 WL 919008, at *3 (E.D. Mo. Mar. 19, 2012) (finding allegation that the insured "has or may" demand defense or indemnity on at least some of the underlying claims was insufficient to establish jurisdiction); Nat'l Union Fire Ins. Co. of Pittsburg, PA v. ESI Ergonomic Solutions, LLC, 342 F. Supp. 2d 853, 862-63 (D. Ariz. 2004); cf. Progressive Am. Ins. Co. v. Steele, ___ F. Supp. 2d ___, 2014 WL 1613292, at *4 (M.D. Fla. Apr. 18, 2014) (finding justiciable controversy, although no tort suit filed, where injured party had made settlement demand on insurer).

Nevertheless, Diamond State argues that an actual controversy exists between Diamond State and Boys' Home because FSSNF's demand for coverage under the Policy implicates Boys' Home's interests.  However, the Court finds that any potential impact the coverage dispute between Diamond State and FSSNF may have on Boys' Home's interests is insufficient to create an actual controversy between Boys' Home and Diamond State with respect to Boys' Home's coverage under the Policy.  Notably, a court rejected similar arguments raised by an insurance company with respect to its named insured in Colony Nat'l Ins. Co. v. DeAngelo Bros., Inc., No. 3:13-CV-00401, 2014 WL 1159776 (M.D. Pa. Mar. 21, 2014).  In that case, DeAngelo Bros. was the named insured on a policy issued by Colony National Insurance Co.  Colony Nat'l, 2014 WL 1159776, at *2.  The policy also covered Union Pacific as an additional insured in the event Union Pacific was held liable for the conduct of DeAngelo Bros.  Id. at *4.  In an underlying state lawsuit, an injured party brought a negligence action against Union Pacific, but did not name DeAngelo Bros.  Id. at *1.  The insurance company brought a declaratory judgment action against Union Pacific and DeAngelo Bros. seeking a declaration to resolve the scope of its obligations to provide coverage under the policy.  Id. at *2.  DeAngelo Bros. moved to dismiss the declaratory judgment against it, arguing that it should be dropped from the action "because it did not have a stake in it, as . . . the action allegedly concerns only the extent of liability between Union Pacific and the two insurers."  Id. at *3.  According to DeAngelo Bros., "even though the present action requests an allocation of fault for the underlying accident between Union Pacific and DeAngelo, this is only requested to determine whether and to what extent Colony actually owes Union Pacific coverage under the policy . . . ."  Id. at *4.

The insurer argued that DeAngelo Bros. was a necessary party to the action because if Union Pacific were to establish an entitlement to coverage, the limits of the insurance policy could potentially be exhausted leaving no coverage for DeAngelo Bros. Id. at *6. Additionally, the insurer argued that if the insurance policy did not cover the full amount, DeAngelo Bros. could be responsible for funding the uninsured portion of the loss in accordance with its contractual indemnity obligation to Union Pacific. Id. The court rejected these arguments, reasoning that:

> [s]uch abstract speculation about future indemnity actions, or about the exhaustion of insurance coverage for hypothetical claims unrelated to this lawsuit, appears to improperly rely on conjecture about 'contingent future events that may not occur as anticipated, or indeed may not occur at all' and may be insufficient to make DeAngelo a proper party

to the declaratory judgment action. Id. (quoting Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 453 (3d Cir. 2001)). However, the court ultimately did not decide the issue on that basis because Union Pacific filed a separate lawsuit for indemnification against DeAngelo Bros. which brought "the litigation between DeAngelo and the insurers out of the realm of abstraction and into the realm of a concrete controversy" which the court could properly adjudicate. Id. at *6-8.

In the instant action, unlike the Colony National case, the Court has no indication that FSSNF, the additional insured, has separately demanded indemnification from Boys' Home, or that Boys' Home has contracted to indemnify FSSNF, or any of the other Defendants. Compare Colony Nat'l, 2014 WL 1159776, at *1, *6. Thus, as discussed in Colony National, Diamond State's mere speculation about this suit's potential impact on policy limits, indemnity agreements, or potential settlements, relies on mere conjecture about future

events that may not occur as anticipated, or may not occur at all.  See id. at *6.  In the absence of any allegations that: the Minor Children seek to hold Boys' Home liable for the conduct alleged in the Underlying Action, Boys' Home has demanded coverage from Diamond State with respect to those claims, or one of the other Defendants has demanded indemnification from Boys' Home for the conduct alleged in the Underlying Action, the Court finds no "actual controversy" between Diamond State and Boys' Home in this matter.[3] Because the facts alleged, under all the circumstances, do not "present a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," the Court concludes that it lacks jurisdiction over Diamond State's claim against Boys' Home, and therefore, the Court will grant the Motion to Dismiss on that basis.  See GTE Directories, 67 F.3d at 1567 (internal quotation omitted).  Accordingly, it is

> **ORDERED**:

> 1.     Defendant Boys' Home Association, Inc.'s Motion to Dismiss (Doc. 34) is
>        **GRANTED**.

---

[3] The Court notes that Diamond State does not contend that dismissal is inappropriate because Boys' Home is a necessary party to this action, or that dismissal of Boys' Home from this suit may prejudice Diamond State by subjecting it to the possibility of multiple suits or inconsistent obligations.

2.     The claim against Boys' Home Association, Inc. set forth in Count I of the

Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Jacksonville, Florida on September 16, 2014.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

-15-